UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,, <br><br> Plaintiff, <br><br> v. <br><br> MATHESON TRI-GAS, INC., a Delaware corporation, BRENT KRIEGER, an individual, and JAMES MURPHREE, an individual, <br><br> Defendants. | No.  2:11-cv-01456-MCE-KJN <br><br> **ORDER** |

Plaintiff California Sportfishing Protection Alliance  ("Plaintiff") is a non-profit benefit corporation dedicated to the protection, preservation and defense of the environment, and, in particular, water and waterways located in the State of California. Plaintiff brought the present action, which alleges violations of the so-called Clean Water Act,  42 U.S.C. § 1251, et seq, against Defendant Matheson Tri-Gas, Inc., an industrial gases facility located in Solano County, California,  along with two managers of Matheson's facility, Defendants Krieger and Murphree (hereinafter collectively referred to as "Defendants").

Plaintiff now moves for voluntary dismissal of its lawsuit, with prejudice, pursuant to Federal Rule of Civil Procedure (41(a)(2), on grounds that maintaining the lawsuit will be prohibitively expensive, with Plaintiff's limited resources "better spent pursuing higher priority violators." Pls.' Motion, 2:19-21. Defendants oppose the motion on grounds that they have filed a motion for summary judgment following Plaintiffs' offer to dismiss the lawsuit, and that they want "to obtain a judgment on the merits to preclude such non-meritorious lawsuits by other citizen plaintiffs and state or federal regulators in the future." Defs' Opp'n, 2:1-3. Defendants therefore take the position that Plaintiffs' unequivocal offer to dismiss should be rejected.

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some "plain legal prejudice" as a result. Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987); see also Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982).

Rule 41(a)(2) provides in pertinent part as follows:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper….Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The Ninth Circuit has clarified that legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001) (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996)); see also WPP Luxembourg Gamma Three Sarl v. Sport Runner, Inc., 655 F.3d 1039, 1059 (9th Cir. 2011). In so holding, the Court further explained that "uncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. Smith, 263 F.3d at 976. Moreover, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Hamilton, 679 F.2d at 145.

///

In addition, whether Defendants have already incurred substantial legal expenses does not constitute sufficient prejudice or hardship to justify refusing a voluntary motion to dismiss. See, e.g., In re Lowenschuss, 67 F.3d 1394, 1400-01 (9th Cir. 1995). Finally, the fact that Defendants' summary judgment will be mooted by dismissal has also been found not to itself constitute legal prejudice to Defendants for purposes of Rule 41(a). Edstrom v. NDEX West, LLC, 2012 WL 4092420 at *2 (E.D. Cal. 2012); Creative Labs, Inc. v. Orchid Technology, 1997 WL 588923 (N.D. Cal. 1997) ("the pendency of defendants' motion for summary judgment does not establish a sufficient basis for denying plaintiff's request for voluntary dismissal").

Where, as here, a plaintiff seeks to dismiss its case, with prejudice, many courts have held that unless a third party's rights are affected, a court lacks discretion and has little choice but to dismiss. See, e.g., Smoot v. Fox, 340 F.2d 301, 302-03 (6th Cir. 1964) ("no case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice"); Century Mfg. Co., Inc. v. Central Transport Int'l, Inc., 209 F.R.D. 647, 648 (D. Mass 1990). As the District of Arizona noted in Chavez v. Northland Group, 2011 WL 317482 (D. Az. 2011), "the fact that the dismissal is with prejudice, such that Plaintiff's claims cannot be reasserted in another federal suit, supports a finding that the dismissal will cause no legal prejudice." Id. at *4, citing Smith v. Lenches, supra.

Even aside from the heightened standard applicable to a motion to dismiss with prejudice, Defendants' proffered reason for rejecting dismissal—to forestall any speculative similar lawsuit in the future—has been squarely rejected by the Ninth Circuit as providing the "plain legal prejudice" required to avoid dismissal." Smith, 263 F.3d at 976. In addition, in the absence of any live controversy given Plaintiff's offer to dismiss with prejudice, an adjudication on the merits would amount to no more than the kind of advisory opinion this Court must necessarily avoid.

///

///

Given the foregoing, Plaintiff's Motion to Dismiss with Prejudice (ECF No. 23) is GRANTED.[1]  The Clerk of Court is accordingly directed to close the file. [2]

IT IS SO ORDERED.

Dated:  February 22, 2013

*[signature]*

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

---

[1] **Error! Main Document Only.** Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[2] The Court nonetheless notes that this Order has no bearing on Defendants' potential right to recover costs and attorney's fees under Federal Rule of Civil Procedure 54(d) after judgment is entered.