UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MATHESON TRI-GAS, INC., a Delaware corporation; BRENT KRIEGER, an individual, and JAMES MURPHREE, an individual,<br><br>Defendants. | No. 2:11-cv-01456-MCE-KJN<br><br>**ORDER** |

In this action for violation of the Federal Water Pollution Control. Act, 33 U. S. C. § 1251, et seq. (hereinafter referred as the Clean Water Act"), Plaintiff California Sportfishing Protection Alliance ("Plaintiff") alleged that, beginning as early as October 1, 1992, Defendant Matheson Tri-Gas Inc. and two of its employees responsible for the operative and maintenance of the Matheson facility, Defendants Brent Krieger and James Murphree (collectively "Defendants"), have repeatedly discharged pollution contaminated storm water from the Matheson facility into waterways flowing into the Sacramento River and the Sacramento-San Joaquin Delta.

///

On January 25, 2013, two days after Defendants filed a motion for summary judgment, Plaintiff moved to voluntarily dismiss this action, with prejudice. According to Plaintiff, it had decided that maintaining the lawsuit was prohibitively expensive and that its limited resources would be better spent "pursuing higher priority violators" elsewhere. In the meantime, while both Plaintiff's Motion to Dismiss and Defendants' Motion for Summary Judgment remained pending, Defendant also, on February 19, 2013, filed a Motion for Rule 11 Sanctions, arguing that Plaintiff's counsel violated Rule 11 by filing the instant complaint. Thereafter, on February 25, 2013, this Court granted Plaintiff's Motion for Voluntary Dismissal of the lawsuit, with prejudice. Judgment in Defendant's favor was entered that same day.

Ultimately, On May 1, 2013, Defendants elected to withdraw the Motion for Rule 11 Sanctions. By way of opposition prior to that withdrawal, Plaintiff requested sanctions of its own for having to respond to what they deemed to be an unmeritorious motion. Then, on May 10, 2013, Plaintiff renoticed its request by way of the motion presently before the Court, reasoning that Defendants' withdrawal of their Motion, originally set to be heard on May 30, 2013, did not moot their own request for attorney's fees.[1]

In accordance with Federal Rule of Civil Procedure 11(c)(2), "[i]f warranted, the court may award to the prevailing party (to a motion for sanctions under Rule 11) the reasonable expenses, including attorney's fees, incurred for the motion." See also Buster v. Greisen, 104 F.3d 1186, 1190 n.5 (9th Cir. 1997). The language of Rule 11(c)(2) itself, in providing that a court "may" award sanctions "if warranted," indicates that any decision in that regard is a matter squarely within the Court's discretion. Fed. R. Civ. P. 11(c)(2); see also Advisory Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 FRD 401, 587 (1993).

///

---

[1] That renewed request on Plaintiff's part came after Defendants moved, on March 11, 2013, for attorney's fees as the prevailing party in the underlying action under § 1365(d) of the Clean Water Act and Federal Rule of Civil Procedure 54(d)(2). By separate Memorandum and Order filed concurrently herein, the Court has denied Defendants' fee request.

As indicated above, the Court has already denied Defendant's Motion for Attorney's Fees on grounds that Plaintiff's complaint was not so frivolous and unreasonable as to merit the imposition of attorney's fees even where Defendants, by virtue of Plaintiff's voluntary dismissal, were technically the prevailing parties. Defendants were unquestionably entitled to bring that Motion, and to oppose it, Plaintiff had to make essentially the same arguments it tendered in opposition to Defendant's Rule 11 motion, which also hinged on the similar contention that Plaintiff's claims were frivolous and/or not warranted by existing law.  See Fed. R. Civ. P. 11(b)(2).

Under these circumstances, the Court, in the exercise of its discretion and upon careful consideration, elects not to award sanctions to Plaintiff as requested. Additionally, Plaintiff's claim appears flawed even aside from an examination of the equities.  The language of Rule 11(c)(2) permits a "prevailing party" to move for attorneys' fees, and the Advisory Committee Notes again make it clear that "the court may award to the person who prevails on a motion under Rule 11.   Here, because Defendants withdrew their motion, there was no prevailing party.

Given the foregoing, Plaintiff's Notice for Attorneys' Fees Pursuant to Rule 11 (ECF No. 66) is DENIED.[2]

IT IS SO ORDERED.

Dated:  October 11, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because oral argument was not deemed to be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

3