UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MATHESON TRI-GAS, INC., a Delaware corporation, BRENT KRIEGER, an individual, and JAMES MURPHREE, an individual,<br><br>Defendants. | No. 2:11-cv-01456-MCE-KJN<br><br>**ORDER TAXING COSTS** |

On February 25, 2013, this Court granted Plaintiff's Motion to Dismiss the above-entitled action with prejudice. On October 11, 2013, the Court denied motions for attorney's fees filed on behalf of both parties. In addition, however, Defendants have filed, as prevailing parties, a Bill of Costs, pursuant to 28 U.S.C. § 1920, in the amount of $11,089.69. Defendants' cost bill presently before the Court seeks two categories of compensable costs. Plaintiff does not object to costs sought in the amount of $863.00 for transcript fees. With respect to fees incurred for exemplification and copying, however, Plaintiff objects to 24 of the 26 line items requested by Defendants in that regard. No reply to those objections was tendered on behalf of the defense.

1

1    Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may
2 recover its costs "unless the court otherwise directs."  As this language suggests, the
3 ultimate decision on whether to award costs is a matter within the court's discretion.
4 <u>Ass'n of Mexican-Am. Educators v. State of Cal.</u>, 231 F.3d 572, 591-92 (9th Cir. 2000).
5 Pursuant to Local Rule 292(a), costs are awardable in conformity with the provisions of
6 28 U.S.C. §1920, and such other provisions of law as may be applicable.  In addition,
7 Local Rule 292(f)(11) allows the Court to tax other items it believes should be
8 compensable "in the interest of justice."  If the Court declines to award costs as
9 requested by the prevailing party it should specify its reasons for doing so.  <u>Berkla v.
10 Corel Corp.</u>, 302 F.3d 909, 921 (9th Cir. 2002).

11    Copy and exemplification charges are properly taxable if "necessarily obtained for
12 use in the case" pursuant to 28 U.S.C. § 1920(4) and Local Rule 292(f)(5).   The burden
13 is on the prevailing party, here Defendants, to establish the amount of compensable
14 costs to which they are entitled.  <u>G.M. ex rel. Marchese v. Drycreek Joint Elem. Sch.
15 Dist</u>., 2013 WL 59555076 at *2 (E.D. Cal. Nov. 7, 2013).  Having reviewed Defendants'
16 objections to the claimed items, the objections to Items 1, 3, 5, 6, 8-13 and 18 are
17 overruled as the claimed expenses are properly taxed.  The Court finds, however, that
18 Defendant's objections to Items 2, 4, 7-17, 19 and 22-25[1] are well-taken since those
19 invoices do not adequately describe what was copied and for what purpose, thereby
20 making it impossible for the Court to determine whether the copies in question meet [??]
21 the necessity threshold under § 1920(4).  In addition, with respect to Item 26, according
22 to the defense those expenses in connection with a motion for summary judgment filed
23 after Plaintiff had already agreed to dismiss its case.  As such, the copying expense in
24 connection with that summary judgment motion was not reasonably necessary.

25    It must also be noted that Defendants have not responded to Plaintiff's objections
26 and to the shortcomings noted above with respect to the copying/exemplification
27 charges being claimed.

28    _____
    [1] Plaintiff has not objected to Items 20 and 21 of the copying/exemplification charges sought.

Given the foregoing, costs are taxed in favor of Defendants in the amount of $7,369.66.

IT IS SO ORDERED.

Dated: July 1, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT